UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES,

       Plaintiff,

v.                                                 Criminal Case No. 91-80936
                                                 Honorable Patrick J. Duggan

KARL WINGO,

       Defendant.
_____/

# OPINION AND ORDER (1) GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR RETURN OF ASSESSMENT OF FEES ON VACATED COUNTS OF CONVICTION AND (2) DENYING DEFENDANT'S MOTION TO VACATE ORDER DENYING 2255 RELIEF

This matter presently is before the Court on two motions filed by Defendant Karl Wingo ("Defendant") on October 2, 2012: (1) "Motion to Vacate Order Denying 2255 Relief Which Resulted from Fraud Upon the Court, Pursuant to Federal Rule[] of Civil Procedure 60(d)(3)" (ECF No. 1227); and (2) "Motion for Return of Assessment Fees on Vacated Counts of Conviction" (ECF No. 1228). At the Court's request, the Government filed a response to the latter motion on December 18, 2012. For the reasons that follow, the Court grants Defendant's request for return of the $100 assessment associated with the convictions that have been vacated but denies his request for interest on those funds and his Rule 60 motion.

Following a jury trial, Defendant was found guilty on numerous counts and sentenced by this Court. Included in the Court's sentence were criminal monetary

penalties for each count totaling $850.00 ("assessment"). In 1994, Defendant paid the assessment in full. The Sixth Circuit Court of Appeals subsequently vacated certain of Defendant's convictions and remanded the matter to this Court for resentencing. At Defendant's resentencing on September 18, 1997, the Court adjusted the assessment to reflect the vacated convictions, leaving a total assessment of $750.00. Defendant now asks the Court for an order requiring the return of the $100.00 he previously paid, as well as interest on that amount.

In its response to Defendant's request, the Government acknowledges that Defendant has overpaid the assessment by $100.00. The Government argues, however, that Defendant's request for interest should be denied as he waited fifteen years to ask for a refund. This Court agrees. Thus the Court is granting Defendant's request for a refund of $100.00 from the Crime Victims Compensation Fund but is denying his request for interest on that amount.

In his other pending motion, Defendant asks the Court to vacate its order denying his request for relief under 28 U.S.C. § 2255, arguing that the Government perpetrated a fraud upon the Court. Specifically, Defendant contends that the Government misrepresented that Defendant stipulated to a drug quantity to justify a 4-level enhancement to his offense level. Defendant has challenged this 4-level enhancement in various different ways and unsuccessfully in previous pleadings. *See, e.g.*, Order, *In re Karl Wingo*, No. 12-1040 (6th Cir. Sept. 14, 2002) (unpublished op.). For that reason alone, the Court is denying the motion.

Accordingly,

**IT IS ORDERED**, that Defendant's Motion for Return of Assessment Fees is **GRANTED IN PART AND DENIED IN PART** in that Defendant is entitled to a return of $100.00 of the assessment he previously paid but is not entitled to interest on that amount;

**IT IS FURTHER ORDERED**, that Defendant's Motion to Vacate Order Denying 2255 Relief is **DENIED**.

DATED: December 28, 2012                    s/PATRICK J. DUGGAN
                                            UNITED STATES DISTRICT JUDGE

Copies to:
Karl Wingo
FCI 15451-039
FCI Elkton
P.O. Box 10
Lisbon, OH 44432

AUSA Wayne F. Pratt